

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KEITH RUSSELL JUDD, <br><br> Plaintiff, <br><br> vs. <br><br> BARACK OBAMA, SECRETARY OF STATE OF MONTANA and the DEMOCRATIC PARTY OF MONTANA, <br><br> Defendants. | CV-13-19-H-DWM-RKS <br><br><br> RECOMMENDATION AND ORDER |

Plaintiff Keith Judd, an inmate in the Federal Correction Institution in Texarkana, Texas proceeding without counsel, filed a one-page document which he refers to as a "First Amendment Petition for Redress." CD 1. This filing has been construed as a civil complaint. Mr. Judd seeks to have President Barack Obama removed from office and replaced by Mr. Judd.

Mr. Judd did not pay the $350.00 filing fee and did not submit an application to proceed in forma pauperis. Because this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g), the Court will not direct Mr. Judd to pay the fee or file a motion for leave to proceed in forma pauperis.

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Since 1993, Mr. Judd has filed over a thousand actions in the United States federal courts. He has had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. He has been denied in forma pauperis status in numerous federal district courts, circuit courts, and the United States Supreme Court. See, e.g., Judd v. United States Dist. Ct. for W. Dist. of Tex., 528 U.S. 5, 5 (1999) (finding that Judd had filed twelve petitions for certiorari which were denied as frivolous and that "Judd has abused this Court's certiorari and extraordinary writ processes."); Judd v. Barrack Obama, et al., No. 08-CV-0093-ESH (E.D. Tex Feb 25, 2010)(dismissed as frivolous); Judd v. U.S. District Court, Appeal No. 98-51119 (5th Cir. April 16, 1999)(appeal dismissed as frivolous); Judd v. U.S. District Court, Appeal No. 98-51155 (5th Cir. April 16, 1999)(appeal dismissed as frivolous); Judd v. Lappin, No. 04-5337, 2004 WL 3019537 (D.C.Cir. Dec. 30, 2004) (per curium) (unreported)(finding Judd has incurred three strikes); Judd v. University of New Mexico, 204 F.3d 1041, 1044 (10th Cir. 2000) ("Mr. Judd is

enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se."); Judd v. Furgeson, 239 F.Supp.2d 442, 443 (D.N.J. 2002) (noting the multitude of federal cases Judd has filed that have been dismissed as frivolous). Other federal courts have threatened to take action against Judd if he continues to make frivolous filings. See, e.g., Judd v. United States, No. 05-758, 2005 WL 1532616 (E.D.Mo. June 27, 2005) (threatening sanctions if Judd makes further frivolous filings).

Mr. Judd falls squarely within the three-strikes provision of 28 U.S.C. § 1915(g) and he may not proceed in forma pauperis unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Judd seeks to replace Barack Obama as President of the United States. He makes no allegation of being in imminent danger of serious physical harm.

While the Court ordinarily gives litigants a period of time to pay the full filing fee of $350.00, it will not do so in this case given Mr. Judd's filing history. Mr. Judd has a history of abusing the system and filing frivolous lawsuits. Long before he filed this action, he knew, from his previous filings, that he would not be permitted to proceed in forma pauperis.

Because Mr. Judd is not entitled to a ten-day period to object, this Order

3

will be entered directly upon endorsement.  See <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Molloy.

DATED this 13 day of March, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

Based upon the above Recommendation by Judge Strong,

IT IS ORDERED THAT Mr. Judd will not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court is directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated this 18 day of March, 2013.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court